IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60479
(Summary Calendar)
_____

JIMMY R. FAIN,

Petitioner-Appellant,

versus

EDWARD HARGETT, ET AL.,

Respondents-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
(USDC No. 4:95-CV-150-S-D)
- - - - - - - - - -
January 15, 1997
Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jimmy R. Fain appeals the denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Fain was indicted for armed robbery and capital murder and pleaded guilty to a reduced charge of armed robbery and murder. Fain now contends that his guilty plea was not voluntary because it violated the Double Jeopardy Clause and because he was not advised of the maximum

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

sentence he could receive, or of various constitutional rights he was waiving by pleading guilty.

As murder and armed robbery each require proof of an element that the other does not, Fain's convictions do not violate the Double Jeopardy Clause. See Blockburger v. United States, 284 U.S. 299, 304 (1932). Fain did not plead guilty to the indictment, so any problem presented by the indictment was eliminated. The trial judge's and counsel's alleged failure to inform Fain of a potential defect in the indictment is irrelevant for the same reason.

Fain argues that his guilty plea was involuntary because the trial judge did not advise him of specified matters. Those matters, however, are expressly addressed in his Petition to Enter Plea of Guilty. The record provides an affirmative showing that Fain's guilty plea was intelligent and voluntary, as required by Boykin v. Alabama, 395 U.S. 238 (1969). Further, the state court found, on post-conviction review, that Fain was advised of his rights.

Fain also argues that he was denied effective assistance of counsel based on the foregoing issues. As they lack merit, however, he cannot show deficient performance.

The state court's factual findings are not unreasonable in light of the evidence presented and its decision as to the guilty plea and counsel's performance are not an unreasonable application of federal law. See 28 U.S.C. § 2254(d). As noted, Fain's double jeopardy claim lacks merit. The district court did not err in

2

denying Fain's petition for writ of habeas corpus, and dismissing the cause with prejudice.

AFFIRMED.